**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| P. MARK SHAFER | : |
|     Plaintiff | : |
| v | :    Civil Action No. PJM-07-219 |
| KEVIN BRANDT, *et al.* | : |
|     Defendants | : |

o0o

## MEMORANDUM OPINION

Pending in this civil rights action is Defendants' Motion to Dismiss or for Summary Judgment.[1]  Paper No. 16.  On October 3, 2007, Plaintiff filed correspondence responsive to the allegations raised in Defendants' motion.  Paper No. 21.  The correspondence shall be construed as Plaintiff's Response in Opposition to Dismissal or Summary Judgment. Defendants have also filed a Response in Support and Plaintiff filed a reply thereto.  Papers No. 22 and 23.  Upon review of the papers filed, the Court finds a hearing in this matter unnecessary.  Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgement, will be granted.

**Background**

On May 1, 2000, Plaintiff alleges he entered into a twenty-year contract with the Department of the Interior and the National Park Service to restore, maintain, and preserve historic property known as the Burnside Property.[2]  Paper No. 1.  Plaintiff lived on the property

---

[1] In addition to a civil rights claim filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff seeks relief under the Federal Tort Claim Act ("FTCA")for negligence.  *See*  28 U.S.C. § 1346.

[2] The Burnside Property has been owned by the federal government since the 1970s and is located within the Chesapeake and Ohio Canal National Historic Park.  Paper No. 16 at Ex. 1.  It is designated historic property and consists of a residential farmhouse on approximately three acres of land

and paid rent to Defendants.  He claims he complied with all requirements of the agreement and spent significant money to restore the property, but was repeatedly threatened with eviction based on the false claim that he failed to complete work, failed to maintain homeowners insurance, failed to pay taxes, maintained farm animals on the property that were not approved, and improperly removed trees and shrubs.  *Id*.  Plaintiff states that:  work was not completed because there was a cease and desist order issued due to the presence of lead paint; he could not maintain homeowners insurance since he did not own the property; the farm animals were previously approved; and the trees and shrubs were removed in order to maintain the historic purpose of the land.  *Id*.  Plaintiff claims his eviction from the property and the subsequent seizure of his personal property from the premises were illegal and violated his right to due process.  *Id*.

Defendants do not dispute that Plaintiff had a twenty year lease for the Burnside Property.  Paper No. 16 at Ex. 1.  It is not disputed that the agreement required Plaintiff to restore the property and pay rent while the National Park Service agreed to amortize certain expenses by Plaintiff against the rent.  *Id*.  By letter dated November 20, 2000, Defendants notified Plaintiff he had breached terms of the lease requiring certain restoration work be done within the first four months of the lease and had failed to maintain the property, including neglect of the lawn and excessive trash in and around the premises.  *Id*. at Ex. 3.  Plaintiff was given thirty days to remedy the breaches listed in the letter and was advised that failure to remedy the breaches would result in termination of the lease.  *Id*.  Plaintiff was contacted again July 16, and September 21, 2001, with notice that the lease would be terminated based on his

---

in Washington County, Maryland.  *Id*.

failure to comply with the terms of the lease. *Id*. at Ex. 4.  On December 21, 2001, however, Plaintiff was allowed to stay on the property and granted an additional period of time to complete the work required. *Id*. at Ex. 5.

On March 4, 2004,  Plaintiff was again notified that he was not in compliance with the terms of the lease and the National Park Service intended to terminate the lease and retake possession if the non-compliance was not remedied within thirty days. *Id*. at Ex. 6. Plaintiff did not remedy the breach and defaulted on the lease. Accordingly, the National Park Service terminated the lease on April 26, 2004. *Id*. at Ex. 7. The termination notice advised Plaintiff  to vacate the premises in forty-five days and remove his belongings. *Id*. Plaintiff refused to vacate the property, asserting that he had not violated the terms of the lease. *Id*. at Ex. 8.

On November 25, 2005, the National Park Service discovered that Plaintiff had vacated the property but left his personal property there. *Id*. at Ex. 9. Plaintiff was advised by letter dated December 1, 2005, that his refusal to remove his personal property and failure to leave the property in good order was a breach of the lease and under the terms of the lease, the personal property left would either become the property of the United States without compensation, or it would be removed at the lessee's expense. *Id*.  Upon inspection, it was discovered that the house was left in a state of squalor, with piles of trash in every room. The smell of rotting food, feces, solvents and filth permeated the house, the jawbone of a dead animal was found in the basement and a dead goat was found in a building near the barn. *Id*. at Ex. 10.  The National Park Service removed the personal property from the premises at a cost of $23,000. *Id*.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4thCir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

4

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U. S. 317, 323-24 (1986)).

## Analysis

### *Bivens* Claim

To the extent Plaintiff has alleged a deprivation of property without due process of law, the undisputed facts do not support such a claim. It is undisputed that Plaintiff was bound by the terms of a lease for the Burnside Property. The terms of the lease made clear what would occur in the event personal property was left on the premises. Plaintiff was provided with notice that his abandoned property would be disposed of and, without a response from him, action to dispose of the property would proceed. Despite the notices sent to Plaintiff, he took no action to retrieve his property. Moreover, because the property was filthy when Defendant took repossession, the decision to dispose of the property was reasonable. This is a contractual dispute. The fact that the federal government is a party to the contract does not mean the alleged breaches of contract are converted into a constitutional claim. *See Wilkie v. Robbins*, __ U.S.__, 127 S. Ct. 2588, 2602 (2007) (Government is entitled to "stand firm on its rights and use its power to protect public property interests."). No further accommodation to protect Plaintiff's property rights was required given the circumstances of this case.

## Negligence Claim

Under the FTCA, the United States is liable as a private person for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b) (1994). As a waiver of sovereign immunity, the FTCA is to be narrowly construed. *See United States v. Nordic Village, Inc.*, 503 U. S. 30, 34 (1992). Immunity is not waived for any claim based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(d).

Plaintiff claims that service of process for his complaint, which he entitled in part "notice of intent to sue," suffices as notice under the FTCA. He is incorrect. Under 28 U.S.C. §2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Suits that are filed without properly exhausting administrative remedies are subject to dismissal. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff has failed to exhaust administrative remedies for purposes of the FTCA. His negligence claim against the federal government cannot proceed.

**Other Claims**

Plaintiff also sues Defendants, alleging lead paint violations, HUD violations, torts for breach of contract, torts for breach of covenants (sic) of good faith/fair dealings, civil fraud and conspiracy, harassment, intimidation, extortion, torturous (sic) interference with contractual obligations, intentional infliction of emotional distress, landlord and tenant violations, constitutional violations; and other unspecified violations. Paper No. 1 at pp. 4-5. In his Response in Opposition, Plaintiff also claims seeks relief under Racketeer Influenced and Corrupt Organizations Act (" RICO"), 42 U.S.C. § 1985 and 42 U.S.C. § 1986. Paper No. 21 at p. 4. The narrative description of the facts upon which the complaint is based, however, does not describe colorable claims under any of the cited statutes. A RICO claim requires evidence of "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. " *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). The plaintiff "must, of course, allege each of these elements to state a claim." *Id*. Racketeering activity is defined by 18 U.S.C. §1961(a) and includes criminal conduct of a type not germane to any of the acts ascribed to Defendants in the instant case. Although Plaintiff labels Defendants' conduct as fraudulent, the undisputed facts do not support such a conclusion.

Equally unavailing is Plaintiff's effort to portray this action as one arising under 42 U.S.C. §1985, which provides for the recovery of damages against persons who conspire to deprive a person of the equal protection of the laws, or of equal privileges and immunities under the laws. To prevail, "a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, and (4) which results in injury

to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Simmons v. Poe*, 47 F. 3d 1370, 1376 (4th Cir. 1995) *citing Buschi v. Kirven*, 775 F. 2d 1240, 1257 (4th Cir. 1985). Even when liberally construed, no claim raised in the complaint fairly describes conduct which could meet the criteria for a 1985 claim. Plaintiff's asserted 42 U.S.C. § 1986 claim fails because he cannot establish a 1985 claim. *See Trerice v. Summons*, 755 F. 2d 1081, 1085 (4th Cir. 1985).

## Conclusion

Based on the undisputed facts as established by the record evidence in this case, the Court concludes that Defendants are entitled to summary judgment in their favor. A separate order follows.

December 19, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE